```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------X
                                                           :
BLACKSTONE AUDIO, INC. d/b/a                               :
BLACKSTONE PUBLISHING,                                     :
                                                           :
                        Plaintiff,                         :        25-CV-7854 (VSB)
                                                           :
            -against-                                      :             ORDER
                                                           :
CATHERINE RYAN HOWARD,                                     :
                                                           :
                        Defendant.                         :
-----------------------------------------------------------X
```

<u>VERNON S. BRODERICK</u>, United States District Judge:

  On September 22, 2025, Plaintiff Blackstone Audio, Inc. commenced this action by filing a Complaint against Defendant Catherine Ryan Howard. (Doc. 1 ("Compl.").) Plaintiff's Complaint alleges that "[t]his Court has subject matter jurisdiction over this action under 28 U.S.C. §§ 1332 because there is complete diversity between the parties and the amount in controversy exceeds $75,000.00." (*Id.* ¶ 10.) As the Complaint fails to allege the citizenship of Defendant, it does not establish that this court has jurisdiction over the action, and the Complaint is therefore DISMISSED without prejudice and with leave to replead.

  Diversity of citizenship exists where an action is between citizens of different states and the amount in controversy exceeds $75,000. *See* 28 U.S.C. § 1332(a). The Complaint alleges that "Catherine Ryan Howard is an individual with a primary address located at C/O David Higham Associates Limited with its principal office located at 6th Floor Waverly House, 7-12 Noel Street, London, WIF 8GQ." (Compl. ¶ 9.) "For an individual, citizenship depends on the state in which that person is domiciled, meaning that 'place where a person has his true fixed home and principal establishment, and to which, whenever he is absent, he has the intention of returning.'" *Cyrulnik*, 582 F. Supp. 3d at 187 (quoting *Linardos v. Fortuna*, 157 F.3d 945, 948

1

(2d Cir. 1998)).  Although a party's place of residence factors into the analysis of their domicile, "a party can reside in one place and be domiciled in another."  *Kennedy v. Trustees of Testamentary Tr. of Will of Kennedy*, 633 F. Supp. 2d 77, 81 (S.D.N.Y. 2009), *aff'd*, 406 F. App'x 507 (2d Cir. 2010).  Merely alleging that Defendant maintains a "primary address" at an office location is insufficient to demonstrate where Defendant is domiciled, and therefore the Complaint fails to adequately allege Defendant's citizenship.

When a complaint fails to plead subject-matter jurisdiction, courts are obligated to dismiss it sua sponte.  *See* Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action.").  Accordingly, Plaintiff's Complaint, (Doc. 1), is DISMISSED without prejudice and with leave to replead.  Plaintiff has thirty days to file an Amended Complaint that properly asserts subject-matter jurisdiction.  If Plaintiff fails to submit an Amended Complaint within that time frame, the Clerk of the Court is directed to terminate this action.

SO ORDERED.

Dated:  September 29, 2025
       New York, New York

*[signature: Vernon Broderick]*
Vernon S. Broderick
United States District Judge